## IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**L.R.,**

     **Plaintiff,**

**v.**                         **CASE NO. 4:19cv137-MW/MAF**

**LEON COUNTY SCHOOL
DISTRICT,**

     **Defendant.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

Before this Court are competing Motions for Summary Judgment. ECF Nos. 31, 32.   The parties filed responses to those Motions.   ECF Nos. 34, 38.   Also, the Court entered an Order directing the parties to file memoranda addressing the issue of whether these cases were rendered moot by virtue of Plaintiff and her child relocating out of state while this case was pending.   ECF No. 36.   Defendant and Plaintiff each filed a response. ECF Nos. 37, 38.   This Report and Recommendation is intended to resolve these pending cross motions for summary judgment.

## I.     Relevant Procedural History

Plaintiff filed a Complaint (ECF No. 1) with a Motion to proceed under a pseudonym (ECF No. 2) on March 25, 2019.   The Court granted the Motion to proceed under a pseudonym on March 28, 2019.   ECF No. 4.

Thereafter, the Complaint was served and Defendant filed an Answer. ECF No. 12. The Court entered a scheduling Order, setting a discovery deadline of October 4, 2019, and a Summary Judgment deadline of October 25, 2019.   Plaintiff sought leave to file an amended complaint.   ECF Nos. 14 and 15.   That Motion was ultimately withdrawn (ECF No. 18), thus rendering the Motion to Amend moot, *see* (ECF No. 20).   Plaintiff also sought to consolidate this case with Case No. 4:18cv72-MW/CAS.   That Motion was denied.   ECF No. 20.   Thus, this case is proceeding on the initial complaint.   ECF No. 1.   The administrative record has been filed (ECF No. 25) and is sealed, but was reviewed by this Court in resolving the pending Motions for Summary Judgment.

## II. Legal Standards Governing a Motion for Summary Judgment

This is not an ordinary civil case subject to the standard rules of summary judgment under Federal Rule of Civil Procedure 56(a) and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).   Instead, this is effectively a

review of an evidentiary administrative hearing held by a state Administrative

Law Judge.   As a result, as noted in <u>Loren F. v. Atlanta Indep. Sch. Sys.</u>,

349 F.3d 1309, 1313 (11th Circ. 2003),

> "summary judgment [in IDEA cases] has been deemed
> appropriate even when facts are in dispute, and is based on a
> preponderance of the evidence." <u>Beth B. v. Van Clay</u>, 282 F.3d
> 493, 496 n.2 (7th Cir. 2002). That is why the district court's
> decision "is perhaps better described as judgment on the record."
> *Id.; see also* <u>Slama v. Indep. Sch. Dist. No. 2580</u>, 259 F. Supp.
> 2d 880, 882 (D. Minn. 2003) (On motion for judgment on the
> record in an IDEA suit, the district court "may make a decision on
> the merits, even if there exist, upon the stipulated record,
> disputed issues of material fact") (citation omitted).
>
> That means that the usual F. R. Civ. P. 56 summary judgment
> principles do not apply in an IDEA case. This is not surprising
> because no IDEA jury trial right exists.   *See* <u>Whitehead by &</u>
> <u>Through Whitehead v. Sch. Bd. for Hillsborough Co.</u>, 918 F.
> Supp. 1515, 1518 (M.D. Fla. 1996) (Because only injunctive relief
> and equitable damages are allowed under the IDEA, there is no
> jury trial right for IDEA claimants). The district court often
> conducts "a bench trial on a stipulated record." <u>Slama</u>, 259 F.
> Supp. 2d at 882 (quotes and cite omitted).
>
> While many courts cite to the commonly applied Rule 56
> standards without acknowledging these distinctions, *see, e.g.*,
> <u>M.D. v. Southington Bd. of Educ.</u>, 334 F.3d 217, 220-21 (2d Cir.
> 2003), we find nothing to prevent district judges from factfinding
> under F. R. Civ. P. 52 in IDEA cases -- even on a record bearing
> evidence tendered in addition to the IDEA administrative record

-- subject to the requirement that they accord "due weight" to administrative findings.

Reimbursement, after all, is "a matter of *equitable* relief, committed to the sound discretion of the district court . . . ." Roland M. v. Concord Sch. Comm., 910 F.2d 983, 999 (1st Cir.1990) (cites omitted; emphasis added), *see also* Kurz v. Chase Manhattan Bank, 273 F. Supp. 2d 474, 480 n. 1 (S.D.N.Y. 2003) ("If the award of statutory damages is seen as representing equitable relief then it should go without saying that no right to a jury attaches to claims for equitable relief") (quotes, cite and alterations omitted), so no jury-trial right exists on that score. And factfinding is not limited to bench trials involving live witnesses.  *See* Anderson v. City of Bessemer, N.C., 470 U.S. 564, 574, 84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985) (Absent clear error, a district court's factfinding cannot be overturned even if they "do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts").

Finally, in deferring to the Administrative Law Judge ("ALJ"), the district court must receive and thus review "the records of the [state] administrative proceedings." 20 U.S.C. § 1415(i)(2)(B)(i).

Additionally, merely because the parties have filed competing motions for summary judgment does not necessarily mean a trial is necessary in this action.   "Cross motions for summary judgment do not change the standard." Latin Am. Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church, 499 F.3d 32, 38 (1st Cir. 2007) (quoted in Ernie Haire Ford, Inc. v. Univ. Underwriters Ins. Co., 541 F. Supp. 2d 1295, 1297 (M.D.

Fla. 2008)). "'Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.'" Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n, 483 F.3d 1025, 1030 (10th Cir. 2007) (quoting Buell Cabinet Co. v. Sudduth, 608 F.2d 431, 433 (10th Cir. 1979)) (quoted in Ernie Haire Ford, 541 F. Supp. 2d at 1297-98)). Thus, each motion for summary judgment has been separately evaluated.

## III.    Plaintiff's Claims for Relief in her Complaint

Plaintiff seeks the following relief in her unsworn Complaint:

(1)    Declare that the educational program designed by LCS [Leon County Schools] for K was deficient under the IDEA.

(2)    Order that K be designated as a student qualifying under the IDEA as having a specific learning disability (SLD) dating back to K's first evaluation.

(3)    Order that all references to autism be removed from K's records.

(4)    Declare that LCS denied K a FAPE (free appropriate public education).

(5)   Order compensatory education and services dating back to the 2017-2018 school year in the amount of $100,000 to remedy the failure to provide FAPE.

(6)    Order LCS to utilize proven peer reviewed programs and curriculums targeted to the (sic) k's level for written expression and spelling.

(7)    Order remedial services to bring K to grade level in math.

(8)    Declare that LCS retaliated and discriminated against L.R. and continues to do so for her advocacy efforts.

(9)    Order LCS to cease retaliating against L.R.

(10)    Order reimbursements for educational, training and evaluation services and time away from work incurred by L.R., while K was not receiving FAPE in the amount of $50,000.

(11)    Order reimbursement for reasonable attorney consulting fees and court costs incurred in connection with the due process proceeding and with this federal court action an amount as determined in the discretion of this Court.

(12)    Order such other and further relief as the Court deems just and proper.

Although the motions for summary judgment submitted by both parties each address the underlying merits of Plaintiff's claim that Defendant violated the IDEA in its treatment of Plaintiff's minor child, this Court need not reach the merits of such issues as Plaintiff is no longer entitled to the relief she seeks in her Complaint, the relief she seeks is not appropriate in an IDEA case, or she failed to support her claims for various forms of restitution damages.

**IV.    Plaintiff's Claims for Declaratory and Injunctive Relief are Moot**

In reviewing the materials submitted in support of and in opposition to the pending cross motions for summary judgment, the Court became aware that Plaintiff and her minor child no longer reside in Florida.   ECF No. 36. Accordingly, the Court ordered the parties to submit memoranda which expressed their positions on whether Plaintiff's claims for declaratory and injunctive relief were now moot in light of this relocation.   *Id.*

Defendant filed a response (ECF No. 37) which confirmed its position that such claims were in fact mooted by Plaintiff's and her child's relocation. Citing to Burke v. Hillsborough Cnty. Sch. Bd., 752 F. App'x 713, 716 (11th Cir. 2018), Defendant argues that all declaratory and injunctive relief sought by Plaintiff were mooted when Plaintiff's child moved out of the school district.   ECF No. 37 at 4-7.

Plaintiff has similarly acknowledged that such claims are now moot. ECF No. 38.   In that Memorandum, Plaintiff agreed her claims against the Leon County School District for Declaratory and Injunctive Relief were in fact moot, but indicated that she was still seeking "compensatory education for [Leon County School District's] failure to educate K and provide FAPE in writing, math and reading."   *Id.* at 4.

Case No. 4:19cv137-MW/MAF

Accordingly, as all parties are in agreement, Plaintiff's claims for declaratory and injunctive relief contained in Plaintiff's Second Amended Complaint are **DENIED AS MOOT**.

## V.   Defendant is Entitled to Summary Judgment Against Plaintiff on Her Claims for Compensatory Damages under the IDEA

In her Complaint, Plaintiff asserts a wide variety of claims for many forms of damages.   Specifically, she seeks the Court to order:   (1) compensatory education and services dating back to the 2017-2018 school year in the amount of $100,000 to remedy the failure to provide FAPE; (2) reimbursement for educational, training, and evaluation services, and time away from work incurred by L.R., while K was not receiving FAPE, in the amount of $50,000; (3) reimbursement for reasonable attorney consulting fees and court costs incurred in connection with the due process proceeding and with this federal court action in an amount as determined in the discretion of this Court.

During the administrative hearing in this matter, Plaintiff did not present evidence – not even her own testimony – regarding any specific expenses for which she was seeking reimbursement in this case.   She merely provides arbitrary numbers in her Complaint -- $100,000 for "[c]ompensatory education and services" and $50,000 for "educational, training and

evaluation services and time away from work."   ECF No. 1 at 24-25.   These allegations are not evidence.

Indeed, in its Motion for Summary Judgment, Defendant argues that even if Plaintiff prevailed in establishing that Defendant violated the IDEA by failing to provide a free appropriate public education for Plaintiff's minor child, Plaintiff would still not be entitled to the damages she seeks in her Complaint. ECF No. 32 at 19-22.   Defendant contends that any damages awarded under the IDEA must be reasonably related to services the child actually needs, and cannot be punitive.   Such damages are intended to place the child in the position the child would have been in but for the violation of the IDEA.

Moreover, any claim for damages must be supported by evidence which demonstrates the value of the program provided to the student, and the cost of such program.   According to Defendant, the record does not include any evidence regarding the extent of any compensatory education that was needed, or the amounts that were paid by Plaintiff for any alleged services she obtained because of the Defendant's failure to provide FAPE. There is simply no support for the arbitrary $100,000 sought by Plaintiff for

compensatory education and services, or the $50,000 she seeks for educational, training, and evaluation services.

Defendant also contends that the IDEA does not provide relief for "time away from work" as sought by Plaintiff, nor does it provide for "consulting" attorney's fees for a party who is unrepresented by counsel in the proceedings at issue, as was the case here.   Such claims for relief are not envisioned by the IDEA.

Plaintiff did not address these issues in her Opposition to Defendant's Motion for Summary Judgment, or in her Motion for Summary Judgment. ECF Nos. 31, 38.   Moreover, other than the naked allegation in her Complaint, Plaintiff absolutely failed to provide any evidence to support any of her claims for compensatory damages or attorney's/consultant's fees. The Court scoured the record and simply no record evidence supports her claims.   Plaintiff's Complaint was not sworn.   Plaintiff did not submit a copy of any receipt for such services.   No credible evidence of any kind supports Plaintiff's claims.   Plaintiff's failure to go beyond the bare allegation in her pleading and provide record evidence to support her claims for compensatory damages constitutes sufficient reason in and of itself to enter Summary Judgment in Defendant's favor on this issue.   *See* <u>Owen v. Wille</u>,

117 F.3d 1235, 1236 (11th Cir 1997) (explaining nonmoving party must go beyond pleadings and demonstrate by reference to record materials that there is a genuine issue for trial); *see also* <u>Burke</u>, 752 F. App'x at 718 (explaining Plaintiff's failure to offer evidence supporting claim for compensatory damages foreclosed recovery of same).   Plaintiff may not simply rely on her pleadings under the circumstances. To be entitled to reimbursement for the cost of necessary services, Plaintiff must allege and prove that the services offered by the school district were inappropriate, that the services obtained by the Plaintiff for her child were appropriate, and that Plaintiff actually paid for such services and is entitled to recover for the reasonable value of such services.   <u>T.P. ex rel. T.P. v. Bryan Cnty. Sch. Dist.</u>, 792, F.3d 1284, 1291-92 (11th Cir. 2015).   Plaintiff has failed to carry this burden with respect to any of the amounts mentioned in her Complaint.

Likewise, although Plaintiff may have been entitled to attorneys' fees had she prevailed in this action or in the underlying state administrative proceeding, Plaintiff is not represented by counsel in this action, nor was she represented by counsel in the administrative proceeding at the state level. She would not be entitled to attorneys' fees or consulting fees which she did not actually incur.   Again, if there were attorney or consultant fees which

Plaintiff actually incurred, it was her obligation to present evidence which supported the amount of such claims.   She has failed to do so.   Even had she prevailed below or in this action to obtain the relief she sought – which she has not – she could not recover purely hypothetical fees or costs in this case.

She is also not entitled to recover amounts for lost earnings (or earning capacity).   Such general damages do not constitute the sort of education expenses recoverable under the IDEA as they do not relate to the types of services Plaintiff's child would have received but for the school district's failure to provide FAPE.

The only damages arguably within the gambit of the protections provided by the IDEA are the expenses associated with evaluations, tutoring, and speech and language services.   As to these expenses, however, the record is completely void with respect to the nature and alleged costs of such services obtained by Plaintiff, if in fact such services were obtained.

Accordingly, because Plaintiff failed to offer any evidence regarding the nature and the cost of any alleged necessary services supporting her claim for restitution-type damages recoverable under the IDEA, she is not entitled to recover compensatory or general damages for Defendant's

alleged acts, and she is not entitled to recover attorney or consultant fees that she did not actually incur.   Defendant is entitled to Summary Judgment on Plaintiff's damages claims.

## **Recommendation**

It is respectfully **RECOMMENDED** that Defendant Leon County School District's Motion for Summary Judgment, ECF No. 32, be **GRANTED**, and that Plaintiff L.R.'s Motion for Summary Judgment, ECF No. 31, be **DENIED**. It is specifically noted this Report and Recommendation did not consider the merits of Plaintiff's claims for Declaratory or Injunctive relief as those claims are **DENIED AS MOOT**, but Plaintiff's claims for damages and attorney/consultant fees are resolved on their merits, with the recommendation that Judgment be entered in Defendant's favor on such claims.

**IN CHAMBERS** at Tallahassee, Florida, on September 4, 2020.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**